# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by Eduardo Jimenez Munoz ("Named Plaintiff") and Opt-In Plaintiffs Maricel Hernandez Miranda, Alberto M. Perez, Efrain Jaral Frias, and James Ledford ("Opt-In Plaintiffs") (collectively "Plaintiffs"); and Defendants Andrade's Clean Up, Inc., The Best Turn, Inc. d/b/a Andrade's Clean Up, and Jorge Andrade (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to as the "Parties."

WHEREAS, Named Plaintiff filed a lawsuit against Defendants on December 29, 2020, and an Amended Complaint on January 15, 2021, in the United States District Court for the Middle District of Tennessee, Case No. 3:20-cv-1111, alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of himself and other similarly situated current and former employees ("the Lawsuit");

WHEREAS, Opt-In Plaintiffs joined this collective action between January 15, 2021, and November 19, 2021;

WHEREAS, Defendants deny that they have committed any wrongdoing or violation of the FLSA;

WHEREAS, the Parties desire to avoid the expense, risks, and delays of further litigation and, by this Agreement, intend to resolve, on the terms stated herein, the dispute between Plaintiffs and Defendants;

NOW, THEREFORE, in consideration of the mutual promises set out below, the Parties agree as follows:

1. **No Admission of Liability.**

The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind on the part of Defendants. The Parties acknowledge a bona fide dispute existed as to the legal issues arising from this matter, and that the Parties merely intend by this Agreement to spare the expense and inconvenience of further litigation concerning the dispute.

2. **Consideration.**

In consideration of the releases and other consideration set forth herein, Defendants shall provide the following within 14 days of receiving a copy of this Agreement fully executed by all Plaintiffs:

   a. Defendants shall pay Plaintiffs and their attorneys at Florin Gray Bouzas Owens, LLC and Yezbak Law Offices PLLC the gross amount of $100,000.00. The checks, except as otherwise noted below, shall be delivered via FedEx to Yezbak Law Offices PLLC at 2021 Richard Jones Road, Suite 310A, Nashville, TN 37215, and for the following amounts:

(1) A check in the amount of $27,905.18 made payable to Eduardo Jimenez Munoz, for which he will be issued an IRS Form 1099, checking box 3 for other income;

(2) A check in the amount of $17,582.69 made payable to Maricel Hernandez Miranda, for which she will be issued an IRS Form 1099, checking box 3 for other income;

(3) A check in the amount of $5,012.22 made payable to Alberto M. Perez, for which he will be issued an IRS Form 1099, checking box 3 for other income;

(4) A check in the amount of $2,197.84 made payable to Efrain Jaral Frias, for which he will be issued an IRS Form 1099, checking box 3 for other income;

(5) A check in the amount of $302.07 made payable to James Ledford, for which he will be issued an IRS Form 1099, checking box 3 for other income;

(6) A check in the amount of $24,500.00 made payable to Florin Gray Bouzas Owens, LLC for attorneys' fees and expenses, for which only the firm shall be issued an IRS Form 1099, and which shall be delivered to the law firm at 16524 Pointe Village Drive, Suite 100, Lutz, FL 33558; and

(7) A check in the amount of $22,500.00 made payable to Yezbak Law Offices PLLC for attorneys' fees and expenses, for which only the firm shall be issued an IRS Form 1099.

Plaintiffs acknowledge and agree that Defendants have not made any representations to them regarding the tax consequences of any amounts received by them pursuant to this Agreement. Plaintiffs agree that they shall be solely responsible for payment of all of their personal tax liabilities due on the settlement amount, including federal, state and local taxes, interest and penalties which are or may become due, and shall indemnify and hold harmless Defendants from any such tax liability. Defendants and each of the Plaintiffs shall be solely responsible on an individual basis for paying any tax liability that they are legally required to pay in connection with any amount paid by Defendants to Plaintiffs.

### 3. **Representation.**

Plaintiffs affirmatively represent that the consideration provided for herein fully satisfies their claims against Defendants for unpaid wages under the FLSA. Plaintiffs represent and warrant that, with the payment under this Agreement, they have been paid all sums that they believe to be due and owing to them on account of their work for Defendants.

### 4. **Release.**

In consideration of the payments in Paragraph 2 of this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge,

a. Named Plaintiff releases and forever discharge for himself, as well as for his personal and legal representatives, heirs, devises, successors and assigns, trustees, receivers, administrators, executors and agents, Defendants and their present or former partners, employees, officers, shareholders, directors, and successors (hereinafter, "Releasees") from any and all legal responsibilities, claims, rights of action, causes of action, suits, debts, liabilities, judgments, demands, damages, costs, attorneys' fees, expenses and compensation whatsoever, whether discovered or undiscovered, which Named Plaintiff or any of his personal and legal representatives, heirs, devises, successors and assigns, trustees, receivers, administrators, executors and agents ever had or now have against Releasees, or any of them, for, upon, or by reason of any matter, contract, claim, demand, cause, happening or thing whatsoever, whether discovered or undiscovered, to the date of this Agreement, including but not limited to, those that Named Plaintiff now has or had on account of, arising from, related to, or in any way growing out of Named Plaintiff's employment or separation from employment with Defendants, including but limited to, any claim under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Family and Medical Leave Act, the Genetic Information Nondiscrimination Act, the Americans with Disabilities Act, the Tennessee Human Rights Act, any similar state or local law or regulation or common law, all claims that relate in any way to the payment of wages, commissions, or any other form of compensation, and any and all claims for retaliation or interference of rights, whether those claims exist, or allegedly exist, at law or in equity under the common law, state law, contract law, statutory law, the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., any claim of race, color, sex, disability, age, national origin, religion and/or other form of unlawful discrimination, harassment or retaliation, any claim under common law, any claim of breach of contract, any claim for wrongful/retaliatory discharge, any claim for negligent supervision, any claim for outrageous conduct or intentional infliction of emotional distress, any claim for negligent or reckless infliction of emotional distress, any claim for assault or battery, any claim of defamation, libel, slander, or false light, any and all state law tort claims, and any and all claims that were brought or could have been brought in the Lawsuit ("Released Claims").

Defendants are not asking Named Plaintiff to release claims for breach of this Agreement or for claims that may arise after this Agreement is executed. Defendants are not asking Named Plaintiff to release any claim he may have for unemployment compensation or workers' compensation benefits. Defendants are not asking Named Plaintiff to release any right to file a charge or participate in any investigation or proceeding conducted by the Equal Employment Opportunity Commission ("Commission") or any other state or federal governmental agency. Named Plaintiff agrees, however, that by signing this Agreement he expressly waives any right to recover money damages in a suit brought by the Commission or any other state or federal governmental agency on Named Plaintiff's behalf.

b. Opt-In Plaintiffs release and forever discharge for themselves, as well as for their personal and legal representatives, heirs, devises, successors and assigns, trustees, receivers, administrators, executors and agents, Releasees from any and all known and unknown wage-and-hour compensation claims arising out of Opt-In Plaintiffs' work

with Defendants, whether under local, state, or federal law, arising through Opt-In Plaintiffs' execution of this Agreement, including but not limited to those claims and allegations included in the Lawsuit.

    c. Defendants and their officers, shareholders, directors, and successors release and forever discharge Adriel M. Garcia Batres from any claims for attorneys' fees or any other damages for any alleged violation of the settlement agreement in *Boothe v. Andrade's Clean Up, Inc., The Best Turn, Inc. d/b/a, Andrade's Clean Up, and Jorge Andrade* ("Defendants"), No. 3:18-cv-00702 (July 30, 2018) ("Boothe Litigation"), prior to the effective date of this Agreement.

### 5. No Publication of Settlement.

Florin Gray Bouzas Owens, LLC ("FGBO") agrees that it will not advertise, publicize, or otherwise call attention to the existence of this lawsuit, Plaintiffs' claims, the fact or amount of the settlement of this lawsuit against Defendants and/or the Releasees. Immediately upon execution of this Agreement, FGBO will cause all correspondence, advertising, and promotional material referring to this lawsuit or Plaintiffs' claims against Defendants and/or the Releasees to be removed, to the extend possible, from the internet, social media, and any other media in which they exist. FGBO agrees that it will not advertise, publicize, or otherwise call attention to any claims against Defendants or any of the Releasees at any time when they are not representing a party to active pending litigation against Defendants or the Releasees. FGBO acknowledges that a violation of this requirement will cause an immediate threat of irreparable harm to Defendants and/or the Releasees, and it consents to the entry of temporary and permanent injunctive relief to enforce this Paragraph in the event of its breach.

### 6. Reemployment.

Plaintiffs agree that they will never knowingly seek reemployment or any independent contractor relationship with Defendants in the future.

### 7. Dismissal.

Plaintiffs agree to dismiss with prejudice all the claims alleged against all Defendants in this case, No. 3:20-cv-1111, in the United States District Court, Middle District of Tennessee. Plaintiffs agree to take all steps necessary to effectuate and accomplish the dismissal with the Court.

### 8. No Assignment.

Plaintiffs represent and warrant that they are the sole owners of the Released Claims, that the Released Claims have not been assigned, transferred, or disposed of in fact, by operation of law, or in any manner whatsoever, and that they have the full right and power to grant, execute, and deliver the full and complete releases, undertakings, and agreements contained herein.

### 9. No Precedent.

The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This Agreement may not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral or otherwise for such purpose.

### 10. Modification.

No provision of this Agreement may be changed, altered, modified, or waived except in writing signed by the Parties, which writing shall specifically reference this Agreement and the provision that the Parties intend to waive or modify.

### 11. Severability.

In the event any provision of this Agreement is held to be unenforceable, each and all the other provisions of this Agreement shall remain in full force and effect.

### 12. Entire Agreement.

The Parties hereto acknowledge that this Agreement constitutes a full, final, and complete settlement of their differences and supersedes and replaces any and all other written or oral exchanges, agreement, understandings, arrangements, or negotiations between or among them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between or among them relating to the subject matter hereof other than that as set forth herein, and that this Agreement contains the sole and entire Agreement between them with respect to the subject matter hereof.

### 13. Understanding.

The Parties acknowledge and represent that they have read this Agreement in full and, with advice of counsel, understand and voluntarily consent and agree to each and every provision contained herein.

### 14. Headings and Captions.

The headings and captions used in this Agreement are for convenience of reference only, and shall in no way define, limit, expand, or otherwise affect the meaning or construction of any provision of this Agreement.

### 15. Choice of Forum.

The appropriate state or federal court with jurisdiction over Davidson County, Tennessee will be the exclusive jurisdiction and venue for any dispute arising out of this Agreement. The parties voluntarily submit to the jurisdiction of these courts for any litigation arising out of or concerning the application, interpretation, or any alleged breach of this Agreement.

## 16. Indemnification of Company for Released Claims Asserted.

Plaintiffs understand and acknowledge that if they assert a Released Claim against Defendants in a subsequent action, they must indemnify Defendants for all costs and expenses incurred in defending the action, including reasonable attorneys' fees.

## 17. Counterparts Acceptable.

This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the date shown below.

Eduardo Jimenez Munoz

Signature: _____     Date: _____

Maricel Hernandez Miranda

Signature: _____     Date: _____

Alberto M. Perez

Signature: _____     Date: _____

Efrain Jaral Frias

Signature: _____     Date: _____

James Ledford

Signature: _____     Date: _____

Andrade's Clean Up, Inc. and The Best Turn,
Inc. d/b/a Andrade's Clean Up

Signature: _____     Date: _____

By: _____

Title: _____


Jorge Andrade

Signature: _____     Date: _____